The document below is hereby signed.

Signed: November 1, 2019



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BRIANNA MICHELLE AGOGHO, | ) | Case No. 19-00659 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING APPLICATION TO IMPOSE AUTOMATIC STAY

The court set a hearing on the debtor's *Motion to Impose Stay*. However, the opposition filed by Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-QS15 ("Deutsche Bank") convinces me that the *Motion to Impose Stay* ought to be denied without holding a hearing.

In her *Motion to Impose Stay*, the debtor states:

> The automatic stay is very important in this case due to the fraudulent claim by Ocwen Mortgage against my property and almost 1.5 million debt. The company is using a fraudulent Note against my home to enforce a sale of my property.

(It appears that Ocwen Mortgage is the mortgage servicer for Deutsche Bank.)

For the reasons set forth in Deutsche Bank's opposition, the

*Motion to Impose Stay* fails to set forth adequate grounds to establish good faith in the filing of this case: the debtor's excuses for her failures to comply with obligations in her prior cases that led to dismissal of those cases are inadequate to overcome the presumption of bad faith arising from those failures.

Moreover, the debtor does not contend that there has been a change in her circumstances. The debtor's schedules indicate in Schedule J that the debtor has net income (after expenses) of only $20.00 per month. This raises extreme doubt that she can succeed in a Chapter 11 case (because, for example, $20.00 per month is insufficient to even cover quarterly fees of a minimum of $325 per quarter to be paid to the United States Trustee).

That the debtor wishes to have the automatic stay in place to contest the validity of Deutsche Bank's claim as allegedly fraudulent is not an adequate ground to overcome the presumption of bad faith. The debtor has already had the opportunity in the Superior Court to litigate the validity of Deutsche Bank's claims and the Superior Court has entered a judgment decreeing that Deutsche Bank is entitled to hold a foreclosure sale.

To hold a hearing on the *Motion to Impose Stay* in the foregoing circumstances, and to subject Deutsche Bank to further expense is not warranted in these circumstances. The *Motion to Impose Stay* ought to be denied without holding a hearing.

It is thus

ORDERED that the *Motion to Impose Stay* is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notifications of orders.