The document below is hereby signed.

Signed: November 11, 2019



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BRIANNA MICHELLE AGOGHO, | ) | Case No. 19-00659 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING AMENDED APPLICATION
TO IMPOSE AUTOMATIC STAY AND REQUEST FOR EMERGENCY HEARING

The debtor filed an *Amended Motion to Impose Stay* ("*Amended Motion*") (Dkt. No. 30) and a *Request for Emergency Hearing* (Dkt. No. 31). The court denied the debtor's first *Motion to Impose Stay* ("*Motion*") because the motion "failed to set forth adequate grounds to establish good faith in the filing of this case." The court noted that the debtor's excuses for the failures of her previous cases did not overcome the presumption of bad faith, and the debtor had not shown that her circumstances had changed. Moreover, the debtor could not show that she would be successful in a Chapter 11 case with a net income of only $20. Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-QS15 ("Deutsche Bank") filed an opposition to the

*Amended Motion*. I find, for the reasons stated in Deutsche Bank's opposition, that the *Amended Motion* fails to show that the debtor can rebut the presumption of bad faith.

The debtor asserts that her circumstances have changed. The debtor alleges that her income has doubled, and that she has obtained help from the Bankruptcy Assistance Center and an accountant to keep abreast of her case. The debtor's allegation that her income has doubled is highly suspect considering that the debtor filed her schedules only 15 days prior to filing the *Amended Motion*. The debtor's Schedule I remains the same, with a monthly income of $3,600, however, the debtor has filed an amended Schedule J that shows that the debtor has reduced her expenses by $1,630, providing the debtor with a net monthly income of $1,650. She explains this dramatic reduction is due to "expenses to decrease due to bill modification and pay off of housing fixes."

Nevertheless, the debtor's Schedule J still does not show that the debtor would be able to succeed in a Chapter 11 case. Monthly payments under the mortgage held by Deustche Bank are $4,400, and that does not include any payments the debtor would be required to make to cure arrears on the property. The debtor wishes to contest the validity of Deutsche Bank's claim, but as I previously stated in the earlier *Memorandum Decision and Order Denying Application to Impose Automatic Stay*, the debtor has

already had the opportunity in the Superior Court to litigate the validity of Deutsche Bank's claims and the Superior Court has entered a judgment decreeing that Deutsche Bank is entitled to hold a foreclosure sale.  The judgement is res judicata in this court, meaning, the debtor may only use Chapter 11 to cure arrears on the mortgage and make mortgage payments.  Even with the debtor's alleged increase in net monthly income, the debtor would not be able to make monthly payments on the mortgage, let alone cure any arrears.

For all these reasons, to hold a hearing on the *Amended Motion to Impose Stay* and to subject Deutsche Bank to further expense is not warranted in these circumstances.  The *Amended Motion to Impose Stay* ought to be denied without holding a hearing.

It is thus

ORDERED that the *Amended Motion to Impose Stay* (Dkt. No. 30) is DENIED.  It is further

ORDERED that the *Request for Emergency Hearing* (Dkt. No. 31) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notifications of orders.